### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Joseph W. Diemert, Jr., | ) | CASE NO. 1: 11 CV 358 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Lincoln Wood Products, Inc., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

This removed product liability action pertains to windows and doors manufactured by defendant and installed in plaintiff's home.  Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 12).  For the reasons stated below, the motion is granted.

**Facts**

Plaintiff resides at 8 E. Hanna Lane in Brantenahl, Ohio.  Plaintiff purchased this residence in 1998 from the builder-owner.  Defendant Lincoln Home Wood Products, Inc. (Lincoln) is a manufacturer and national supplier of windows and patio doors.  Lincoln's vinyl clad wood window products were installed in plaintiff's residence by the builder. Plaintiff alleges that the home was built in or about 1993.

Plaintiff alleges that the windows and doors manufactured by Lincoln were defective.

1

Plaintiff contends he first noticed signs of rot in the windows in 1999.  In 2001, after one of the upstairs windows fell out, plaintiff realized that the problem was more than superficial and contacted a company called Admiral Glass to inspect the windows.  The builder also inspected the windows and concluded that moisture was breaching the window seals, causing the interior wood of the windows to rot.  Admiral Glass contacted Lincoln on plaintiff's behalf, and Lincoln agreed to provide partial window replacements in 2001.

Plaintiff experienced additional problems with windows in his house in 2004. Plaintiff again contacted Admiral Glass, which coordinated with Lincoln the replacement of approximately 12 windows in 2005.

Plaintiff contacted Lincoln a third time in 2008, claiming that he had experienced other issues with Lincoln's products in his home, including doors and bay windows.  After Lincoln did not provide a response satisfactory to plaintiff, plaintiff replaced the Lincoln products in his home with other products in 2010.

Plaintiff commenced this action against Lincoln on February 28, 2011, alleging six claims:  (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) misrepresentation; (5) products liability; and (6) negligence.  Plaintiff seeks $100,000 in compensatory damages and other relief.

**Standard of Review**

Federal Rule of Civil Procedure 56 governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law."  The

procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion."  This can be done by citation to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information.  Fed. R. Civ. P. 56(c)(1)(A).  Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1986).  In order to defeat a motion for summary judgment, the non-moving party must present probative evidence that supports its position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  In determining a motion for summary judgment, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255.

### Discussion

Lincoln moves for summary judgment on the ground that plaintiff's claims are barred by the statute of repose set forth in Ohio Revised Code § 2305.10(C)(1).  Section 2305.10(C)(1) provides:

> Except as otherwise provided in division (C)(2), (3), (4), (5), (6), and (7) of this section or in section 2305.19 of the Revised Code, no cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was

3

> delivered to its first purchaser or first lessee who was not engaged in a
> business in which the product was used as a component in the production,
> construction, creation, assembly, or rebuilding of another product.

Lincoln asserts that "the products at issue in this case were delivered to the first purchaser not engaged in the business in 1993" when plaintiff's house was built.  (Lincoln Br. at 4.)  Thus, Lincoln contends plaintiff "is barred from bringing a claim sounding in products liability regarding [Lincoln's] products after 2003."

Plaintiff does not dispute that his claims sound in product liability, but he disputes that his action is barred by Ohio Revised Code § 2305.10(C)(1).  Plaintiff relies on Ohio Revised Code § 2305.10(C)(2) which provides:

> Division (C)(1) of this section does not apply if the manufacturer or supplier of
> a product engaged in fraud in regard to information about the product and the
> fraud contributed to the harm that is alleged in a product liability claim
> involving that product.

Plaintiff argues that genuine issues of material fact exist as to whether Lincoln made material misrepresentations about Lincoln's windows to the builder of plaintiff's home, Robert Kraisner.  (Pltf. Opp. at 6.)  Plaintiff relies solely on an affidavit from Mr. Kraisner who states that "representations" were made to him by "Lincoln window representatives" that Lincoln's "windows were of high quality, excellent standards, and the equivalent of the two other leading window manufacturers, Pella and Anderson Windows" and that the windows "would easily last longer than 20 years after being installed, and would be maintenance free." (Kaisner Aff., ¶¶ 6, 7.)  Kaisner states that when he inspected the windows in plaintiff's home at plaintiff's invitation, the windows did not "measur[e] up to the standards and high quality represented to [Kaisner] by the manufacturer's agents."  (*Id.* at ¶ 10.)

Plaintiff alternatively argues that only a "portion" of his claims are barred by Ohio

4

Revised Code § 2305.10(C)(1) because his "claims are not limited to the originally defective windows [supplied by Lincoln when his home was first built], but rather, concern all defective products manufactured and supplied by Defendant," including the replacement windows Lincoln supplied in 2001 and 2005.  Plaintiff asserts that the replacement windows were "delivered and installed within the statute of repose's 10 year timeframe."  (Opp. at 6, 8.)

In its reply brief, Lincoln disputes that plaintiff's evidence is sufficient to demonstrate fraud.

The Court finds that plaintiff's claims are barred by Ohio Revised Code § 2305.10. To the extent plaintiff's claims are based on alleged defects in the original windows arising after 2003, plaintiff's claims are barred by the statute of repose set forth in Ohio Revised Code § 2305.10(C)(1).  The Court agrees with Lincoln that plaintiff has failed to submit evidence demonstrating that the fraud exception set forth in Ohio Revised Code § 2305.10(C)(2) applies.

In order to establish a cognizable claim of fraud under Ohio law, a claimant must show all of the following:  (1) a representation or where there is a duty to disclose concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the representation; and (6) injury proximately caused by the reliance.  *Russ v. TRW, Inc.*, 570 N.E.2d 1076, 1083 (1991).

Kaisner's affidavit is insufficient to create a genuine issue that Lincoln engaged in

"fraud" in regard to information about its products.  As Lincoln points out in its reply brief, Kaisner testified during his deposition that he never spoke to anyone at Lincoln itself but dealt only with the sales representatives at Builder's World.  Kaisner stated in his deposition that he knew of no facts indicating that Builder's World was an authorized agent of Lincoln.

Even assuming Builder's World was Lincoln's agent and that the representations of Builder's World are attributable to Lincoln, the representations at issue cannot be said to be "fraudulent."  Statements of opinion and sales "puffery" are insufficient to form the basis of a fraud claim under Ohio law because such statements cannot reasonably be relied upon by the recipient.  *See Premier Business Group, LLC v. Red Bull of North America, Inc.*, No. 08-CV-1453, 2009 WL 324250, at * 9-10 (N.D. Ohio Sept. 30, 2009).  Mr. Kaisner admitted in his deposition that the representations made to him by the Builder's World sales representative regarding the quality and features of Lincoln's windows were merely sales talk similar to the "sales pitch" he received from the salesmen of other window manufacturers, Pella and Anderson.  (Kaisner Dep. at 20.)  The sales representative's statements to Kaisner as to the quality and performance of Lincoln's windows constitute mere opinions and sales puffery as to which there can be no reasonable reliance.  Thus, the reasonable reliance element of fraud cannot be established.

Further, plaintiff does not point to evidence demonstrating that the Builder's World sales representative made the representations to Kaisner knowing that they were false or with utter disregard or recklessness as to their truth or falsity, another required element of fraud.

To the extent plaintiff's product liability claims are based on defects with the replacement windows Lincoln provided in 2001 and 2005, such claims are not barred by Ohio

6

Revised Code § 2305.10(C)(1) in that they accrued before 2003.  However, such claims are

barred by the two year statute of limitations established by Ohio Revised Code § 2305.10(A)

for bringing product liability claims.  Section 2305.10(A) provides:

> (A) Except as provided in division (C) or (E) of this section, an action based
> on a product liability claim and an action for bodily injury or injuring personal
> property shall be brought within two years after the cause of action accrues.
> Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a
> cause of action accrues under this division when the injury or loss to person or
> property occurs.

Plaintiff did not assert product liability claims as to the replacement windows within

two years as required by the statute of limitations.

**Conclusion**

For the reasons stated above, plaintiff's product liability claims are barred by Ohio

Revised Code § 2305.10.  Accordingly, Defendant's Motion for Summary Judgment is

granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan_____
PATRICIA A. GAUGHAN
United States District Judge


Dated: 1/11/12

7